MANNING *v.* LAKE SUPERIOR & ISHPEMING
RAILROAD COMPANY.

1. TRIAL—EVIDENCE—MOTION PICTURES—ADMISSIBILITY—DISCRETION OF COURT.

Admissibility of motion pictures into evidence generally is a question that must be addressed to the judgment and discretion of the trial judge.

2. EVIDENCE—MOTION PICTURES—HYPOTHETICAL CONTENTIONS.

Motion pictures are admissible in evidence to show accurately conditions existing at the time in question, but are not admissible when they show persons in various assumed positions, and things in various assumed situations, in order to illustrate the hypothetical claims and contentions of the parties.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 20 Am Jur, Evidence § 738.
Use of motion pictures as evidence. 62 ALR2d 686.

3. SAME—MOTION PICTURE—ILLUSTRATION—ADMISSIBILITY.

   A motion picture which is used as evidence in an attempt to show how a person acted must substantially reproduce the conditions under which the purported actions occurred.

4. RAILROADS—SWITCHING ACCIDENT—MOTION PICTURE—EVIDENCE.

   Admission into evidence, in action by railroad employee against his employer under Federal employers' liability act for injuries received in switching accident at night with loaded ore cars and with snow and ice on ground, of motion picture which purported to show how employee could have been injured but which was made in daytime with unloaded cars and without snow and ice on ground, *held,* reversible error (45 USCA § 51 *et seq.*).

Appeal from Marquette; Brennan (Leo J.), J., presiding. Submitted Division 3 May 6, 1966, at Marquette. (Docket No. 692.) Decided September 27, 1966. Leave to appeal denied by Supreme Court December 13, 1966. See 378 Mich 743.

Complaint by Glenn W. Manning against Lake Superior & Ishpeming Railroad Company under Federal employers' liability act for personal injuries received in accident during employment by railroad. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Baldwin & Kendricks,* for plaintiff.

*Clancey & Hansen,* for defendant.

J. H. GILLIS, J.   The plaintiff, Glenn W. Manning, brought an action under the Federal employers' liability act, 45 USCA § 51 *et seq.,* for personal injuries received while employed by Lake Superior & Ishpeming Railroad Company. On March 1, 1960, at 1:30 a.m., the plaintiff was working as a switchman on one of the defendant's trains. In an attempt to uncouple two loaded ore cars, the defendant slipped and his right foot was "pinched" by a moving car, with the resulting injury necessitating

partial amputation of the foot. At the time of the accident there was accumulated ice and deep snow in the vicinity of the track.

The plaintiff claims that the defendant was negligent in its failure to keep the cars and roadway free of oil and to keep the roadway alongside the tracks where plaintiff was working reasonably free of accumulated ice and snow. The defendant denied any negligence on its part and alleged that plaintiff failed to perform his work in a safe manner and placed himself in a position of danger by going between the ore cars before the train stopped and before the slack in the train had run out.

At trial during a recess the defendant's attorney, for the first time, informed the plaintiff's attorney that he intended to show a movie. As described to the court, the purpose of this movie was:

"A demonstration of the manner in which this accident is alleged to have occurred according to Mr. Manning's testimony, and a further demonstration of other manners in which it could have occurred considering the physical circumstances. It is a movie of two ore cars of identical size and description to the ore cars involved in this accident with a man who will testify shortly just to show that he is the same height and general build as Mr. Manning."

An objection was made to the showing of this movie on the grounds that it was filmed in the daytime and the accident occurred at night and that the conditions were "contrary to the conditions that the evidence shows were in effect at Eagle Mills." The plaintiff further objected that the introduction of this film into evidence would constitute prejudicial error. The trial court overruled these objections and allowed the film to be shown. The record fails to give any indication that the trial judge viewed the film prior to his decision admitting it in evidence.

From a jury verdict of no cause for action, the plaintiff appealed. The sole issue presented to this Court is whether reversible error was committed in allowing the film to be shown to the jury.

Generally, "when motion pictures may and may not be used * * * is a question which must vary with the circumstances * * * and * * * their admission must * * * be addressed largely to the judgment and discretion of the trial judge." 20 Am Jur, Evidence, § 738, p 616.

The purpose for which this film was offered and received into evidence was to "demonstrate whether or not such an accident as that complained of by the plaintiff could have occurred." The Michigan Supreme Court in discussing the "accuracy rule" relating to the admissibility of photographs cited 19 ALR 2d 877, 879:

"'It has often been stated that although photographs are admissible to accurately show conditions existing at the time in question, the contrary is true when the photographs attempt to show more than this, with persons in various assumed positions, and things in various assumed situations, in order to illustrate the hypothetical claims and contentions of the parties.'" *Kaminski* v. *Wayne County Road Commissioners* (1963), 370 Mich 389, 395, 396.

The instant case is directly within the prohibition set forth in *Kaminski, supra,* since the purpose of the film was to illustrate the hypothetical contentions of the parties, more particularly the defendant.

The movie as filmed depicted conditions substantially different than those present at the time of the accident. The movie was filmed in the daytime, the ore cars were not moving nor were they loaded, and there was no snow and ice on the ground. True, the purpose of the movie was not to illustrate conditions existing the night of the accident but to show

how the accident could have occurred. However, this Court feels that when an attempt is made to illustrate how an individual acted, there must be substantial reproduction of the conditions under which the purported actions occurred. "Unless it can be made to appear clearly that the pictures are a true reproduction of the scene photographed, they should be excluded." 20 Am Jur, Evidence, § 738, p 616. Under the circumstances present in this case, we are of the opinion that admission into evidence of this film constituted reversible error.

Judgment reversed and cause remanded for a new trial. Costs to appellant.

HOLBROOK, P. J., and FITZGERALD, J., concurred.